812 P.2d 995

Vicki Lynne HOSKINSON Through the Personal Representative of her Estate, Robert FLEMING; Deborah Jane Carlson, individually and as surviving parent of Vicki Lynne Hoskinson and George Glenn Carlson, Jr., husband and wife; Stephanie Dawn Hoskinson by her next friend and mother, Deborah Jane Carlson; Carie Lynn Carlson by her next friend and father, George Glenn Carlson; Brian William Carlson by his next friends and parents, Deborah Jane Carlson and George Glenn Carlson, Jr., Plaintiffs/Appellants,

v.

STATE OF CALIFORNIA; California Department of Corrections, a State Agency; California Board of Prison Terms; Robert McLean, individually and in his official capacity, and Jane Doe McLean, husband and wife; Members of the California Board of Prison Terms, individually and in their official capacities; John Atwood and Alice Atwood, husband and wife; Frank Jarvis Atwood, a single man, Defendants/Appellees.

Rodney Paul HOSKINSON, individually and as surviving parent of Vicki Lynne Hoskinson, deceased, Plaintiffs/Appellants,

v.

STATE OF CALIFORNIA, California Department of Corrections, a State agency; California Board of Prison Terms; Robert McLean and Jane Doe McLean, husband and wife; Members of the California Board of Prison Terms, individually and in their official capacity; John Atwood and Alice Atwood, husband and wife, Defendants/Appellees.

No. CV–91–0030–PR.

Supreme Court of Arizona.

July 9, 1991.

Gonzales & Villarreal by Winton D. Woods and Elizabeth Peasley–Fimbres, Tucson, for plaintiffs/appellants Carlson and Hoskinson and the Estate of Vicki Lynne Hoskinson.

Haralson, Kinerk & Morey by Dale Haralson and Gregory G. Wasley, Tucson, for plaintiff/appellant Rodney Hoskinson.

Lewis and Roca by John P. Frank, Steven J. Labensky and Anne Rachel Aberbach, Phoenix, Bury, Moeller, Humphrey & O'Meara by David C. Bury, Tucson, for defendants/appellees State of Cal., its agencies and officers.

Slutes, Sakrison, Even, Grant & Pelander by A. John Pelander, Tucson, for defendants/appellees John and Alice Atwood.

ORDER

The Petition for Review came before the court at conference on June 11, 1991. On consideration,

IT IS ORDERED that the Petition for Review is denied. Vice Chief Justice Feldman and Justice Cameron voted to grant for the following reasons:

The exercise of *in personam* jurisdiction is based on considerations of due process and on principles of "fundamental fairness." *State v. Velasco*, 165 Ariz. 480, 487, 799 P.2d 821, 824 (1990). The court of appeals thus concludes that it is fundamentally unfair and would thus violate due process for Arizona to assert jurisdiction over the instant case.

Our view is quite the opposite. This tort occurred in Arizona, the victim resided in Arizona, and her family are residents of Arizona. The alleged tortious conduct would foreseeably cause the very harm that occurred in Arizona.

Given modern conditions, it is difficult to see why it is unfair to require these defendants to answer and defend in Arizona. Logistics certainly present no greater difficulty for the governmental defendants and even the individual defendants to appear and defend in Tucson than in Yreka, Riverside, or Azusa. It is no longer necessary to send counsel instructions via Wells Fargo. The telephone, the facsimile machine, and

178

the photocopier answer the logistical problems as easily for lawsuits pending in Arizona as those in Imperial County, California. Law firms capable of handling cases such as this practice on a national and regional basis, and defendants will not be deprived of competent counsel even if forced to respond in Arizona.

Depriving these victims of a forum to redress their grievances is a greater violation of due process than compelling the defendants, whose conduct may have caused this tragedy, to defend themselves in Arizona. Reality tells us that it is time to reexamine some of our previous conclusions, even those in so recent a case as *Batton v. Tennessee Farmers Mutual Insurance Co.*, 153 Ariz. 268, 736 P.2d 2 (1987). If this is not possible under the current decisions of the United States Supreme Court, then, with all due respect, we suggest that the time may have come for that Court to reconsider the issue. However, as Judge Hathaway points out in his dissent, we cannot be sure the Supreme Court's decisions require dismissal of this action for lack of personal jurisdiction.

We would grant review.