868 P.2d 1034

**A. UBERTI AND C., an Italian corporation, Petitioner,**

v.

**The Honorable John S. LEONARDO, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**Thomas CORDOVA and Delia Cordova, surviving parents of Corrina Cordova, deceased, Real Parties in Interest.**

No. 2 CA–SA 93–0154.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 21, 1993.

Review Granted March 16, 1994.

452

David T. Hardy, Tucson, for petitioner.

Rockafellow Law Firm by Leighton H. Rockafellow, Tucson, for real parties in interest.

## OPINION

FERNANDEZ, Judge.

Petitioner A. Uberti and C. (Uberti) seeks relief from the respondent judge's order denying its motion to dismiss a products liability action filed against it by real parties in interest Thomas and Delia Cordova (Cordovas) for want of personal jurisdiction. Because petitioner has no equally plain, speedy or adequate remedy by way of appeal, Ariz.R.P.Spec.Actions 1, 17B A.R.S., we accept jurisdiction. For the reasons set forth below, we conclude that the trial court abused its discretion in misapplying the law applicable to the facts of this case. Ariz.R.P.Spec.Actions 3(c); *see State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983). We therefore grant relief.

The facts underlying the Cordovas' lawsuit are largely undisputed. Their daughter was killed when a gun manufactured by Uberti fell to the ground and discharged. The Cordovas allege that the gun is defective and unreasonably dangerous and on this basis sought damages from Uberti.

Uberti is a corporation organized under the laws of Italy. The gun in question is a replica of an 1873 Colt single-action revolver and was manufactured in Italy at the request of Iver Johnson Arms, an American company, in accordance with the latter's specifications. It was sold F.O.B. in Milan in 1974 and was subsequently distributed in the United States under the name "Iver Johnson Cattleman." In accordance with federal law, however, the gun also bore the name of the manufacturer, Uberti. Uberti has no officers, agents or property anywhere in the United States. Its guns are currently sold in the United States by eight independent distributors and can be purchased in gun stores in Arizona.

Uberti moved to dismiss the action, arguing that the Arizona court's assertion of personal jurisdiction over it would violate the Due Process Clause of the United States Constitution as interpreted in the decisions of the United States Supreme Court. In denying the motion, the trial court ruled:

THE COURT ... FINDS that plaintiff has established sufficient purposeful contact with Arizona by defendant A. Uberti and C. to establish personal jurisdiction over that defendant in Arizona under *Asahi Metal Industry v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92

(1986). Those actions which go beyond the mere stream of commerce theory of foreseeability are:

1) Defendant's catalogue printed in English and distributed by distributors in the United States.

2) Defendant's guns are designed for appeal to the western United States consumers.

3) Defendant has at least eight U.S. distributors.

4) Defendant has imported into the U.S. over 10,000 firearms between January 1, 1988 and July 30, 1992.

5) Defendant's firearms are sold through Tucson gun stores, at least three of which regularly stock them.

6) Printed instructions that accompany defendant's firearms when purchased in Arizona are in English and include defendant's Italian address and phone number.

7) A listing of defendant's line of gun production including pictures is printed in English.

8) The writing on the packaging for defendant's firearms sold in Arizona are printed in English and include the Italian address and phone number of defendant.

■ A state may, consistent with due process, assert personal jurisdiction over a nonresident defendant only if that defendant has, by his or her own action, purposefully established sufficient "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The contacts must be the result of the defendant's conduct, not that of a third party, *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and the connection with the forum must be "such that he should reasonably anticipate being haled into court there," *Id.* at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501, and have "fair warning that a particular activity may subject a person to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683, 706 (1977) (Stevens, J., concurring).

■ Although there are three possible grounds on which to base personal jurisdic-tion, *see Hoskinson v. State of California,* 168 Ariz. 250, 812 P.2d 1068 (1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991), the parties agreed at oral argument that the only one applicable to this case is specific jurisdiction. Specific jurisdiction may be found when the subject lawsuit is based on or arises out of a defendant's contacts with the forum state. *Armstrong v. Aramco Services Co.,* 155 Ariz. 345, 746 P.2d 917 (App.1987). But to comport with the requirements of due process, it must be shown that "the defendant has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182, 85 L.Ed.2d at 541 (citations omitted). Thus, events occurring after the conduct out of which the lawsuit and the jurisdictional claim arise are irrelevant to an assertion of specific jurisdiction. The record is clear that all but the second of the trial court's findings relate to events that occurred after the manufacture and sale of the gun in question; therefore, they cannot support the assertion of personal jurisdiction.

■ The remaining finding pertains to the design of the gun to appeal to consumers in the western United States. Apart from the fact that there is no evidence in the record to support this finding, much less its specific connection with Arizona, the finding does not support the assertion of jurisdiction. Indeed, from the facts set forth above, there is no basis for concluding that in 1974 Uberti purposefully directed its activities toward the United States, much less toward Arizona, such that it could expect to defend a lawsuit here. The manufacture and sale of the gun were initiated by Iver Johnson and took place in Italy. Uberti had no agreement with Iver Johnson to market or distribute its products in the United States, let alone Arizona. The record does not even indicate how the gun came to be in Arizona almost twenty years after its original purchase in Italy and shipment to New York. On these facts, Arizona can not constitutionally assert personal jurisdiction over Uberti.

The Cordovas also contend that if the existing case law does not support the assertion of jurisdiction, given the realities of modern commerce, it ought to. While some members of the Arizona Supreme Court may agree with this position, *see Hoskinson v. State of California,* 168 Ariz. 177, 812 P.2d 995, *cert. denied,* —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991) (order denying petition for review), we are bound by the precedent of the United States Supreme Court and our own supreme court. Because the trial court's decision is contrary to those decisions, we grant relief.

The respondent judge's order denying the motion to dismiss is vacated, and the cause is remanded with directions to grant the motion to dismiss.

LACAGNINA and ESPINOSA, JJ., concur.